# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sheriff Olaleran Mohammed,<br><br>Defendant. | Case No. 13-cr-250 (SRN/JJK)<br><br>**ORDER** |

Thomas Calhoun-Lopez, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Jephtah Olupo, Olupo Law Office, Elder Jones Building, 1120 East 80th Street, Suite 107, Bloomington, Minnesota 55420, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on the Government's Motion for Inquiry Regarding Conflict of Interest [Doc. No. 29]. In response, this Court held a hearing on April 15, 2014, to inquire as to any potential conflict between the representation of Defendant by his current counsel, Jephtah Olupo, and Mr. Olupo's prior representation of a potential government witness in this case, an individual named A.L.

## II.     BACKGROUND

Defendant is charged with smuggling goods from the United States (Count 1) and making a false statement during the purchase of a firearm (Count 2). (Indictment [Doc.

1

No. 1].)  It is alleged that Defendant arranged for the shipment of vehicles in which firearms were hidden with another individual named A.L., whom the Government intends to call as a witness in this case.  (Government's Mot. for Inquiry Re: Conflict of Interest at 2 [Doc. No. 29].)  Mr. Olupo currently represents Defendant.  Previously, Mr. Olupo represented A.L. in two matters: (1) naturalization proceedings before the United States Citizenship and Immigration Services, and (2) proceedings to expunge a charge of endangering a child from his criminal record.  (Apr. 15, 2014, Hr'g Tr. at 4 [Doc. No. 39].)  A.L. is neither a co-defendant nor a co-conspirator with Defendant.  (Id. at 6-7; Def.'s Resp. to Mot. for Inquiry, Re: Conflict of Interest at 2 [Doc. No. 33].)  The Government agrees that A.L. has no knowledge of the hidden firearms, which are the subject of the Indictment.

On March 24, 2014, the Government moved this Court for a hearing to assess whether Mr. Olupo's previous representation of A.L. creates a conflict of interest in this case.  (Government's Mot. for Inquiry Re: Conflict of Interest [Doc. No. 29].)  On April 4, 2014, Defendant opposed the Government's Motion.  (Def.'s Resp. to Mot. for Inquiry, Re: Conflict of Interest [Doc. No. 33].)  On April 15, 2014, the Court inquired into the potential conflict of interest with the parties and Defendant.  (Court Mins. [Doc. No. 35].) The Court marked two sets of documents provided by Mr. Olupo as Exhibits A and B, respectively: (1) A.L.'s "naturalization record," and (2) A.L.'s "expungement record." (Apr. 15, 2014, Hr'g Tr. at 4.)  After the Court made its inquiry, the Government agreed with Defendant that a conflict of interest does not appear to exist.  (Id. at 6.)  Defendant provided a sworn, oral waiver of any unforeseen conflicts in the future by virtue of Mr.

2

Olupo's prior representation of A.L., and Mr. Olupo agreed to provide a waiver in writing to the Government as well.  (Id. at 11-12.)

### III.   DISCUSSION

The Court takes guidance from United States v. Agosto, 675 F.2d 965 (8th Cir. 1982) in considering the potential for a conflict of interest in this context—that is, successive representation, where an attorney representing a defendant previously represented co-defendants or trial witnesses.  A conflict of interest between a prior client and a present client may impinge on a defendant's constitutional rights under the Sixth Amendment.  Agosto, 675 F.2d at 970-71.  One potential for conflict is the attorney's receipt of privileged information from the former client, which might affect his advocacy on behalf of his current client in two ways:

>   (a) the attorney may be tempted to use that confidential information to impeach the former client; and/or
>
>   (b) counsel may fail to conduct a rigorous cross-examination for fear of misusing his confidential information.

Id. at 971.  Another major potential for conflict is that the attorney's pecuniary interest in possible future business may lead him to make trial decisions with a view toward avoiding prejudice to his former client.  Id.  Courts generally give substantial weight to defense counsel's representations regarding conflicts of interest.  Id. at 972.

Against this backdrop, the Court inquires as to whether there is good cause to believe that a conflict of interest is likely to arise in this case.  Id. at 971.  To determine whether such good cause exists, the Court considered:

- The Indictment and the charges against Defendant;

3

- The relationship between counsel and A.L.;

- The nature of the prior representation;

- Whether any relevant confidential or privileged information was obtained in the prior representation;

- Whether that relationship would preclude Mr. Olupo from vigorously cross-examining his former client in this case;

- Any pecuniary interests that Mr. Olupo may have in possible future business with A.L.;

- Defendant's understanding of these facts; and

- Should a conflict of interest arise, whether Defendant was willing to enter a knowing and informed waiver of the conflict.

(Apr. 15, 2014, Hr'g Tr. at 3-4.)

Before Mr. Olupo represented Defendant, he represented A.L. with respect to (1) A.L.'s naturalization application to the United States Citizenship and Immigration Services, and (2) expungement of an earlier criminal record concerning a charge of endangering a child. The naturalization record shows that Mr. Olupo inquired into A.L.'s biographical data, tax returns, child support status, passport status, Nigerian citizenship, permanent residency and employment in the United States. (Aff. of Counsel Re: Conflict of Interest [Doc. No. 33]; Ex. A; Apr. 15, 2014, Hr'g Tr. at 5-6.) The expungement record shows that A.L. left his child in a vehicle for less than three minutes when he entered a store to purchase medicine for the child; Hennepin County Child Protection Investigators concluded that no maltreatment occurred and child protective services were not needed; A.L. satisfied probation and completed parenting class; and there was a

4

presentation to the state court for expungement. (Ex. B, Apr. 15, 2014, Hr'g Tr. at 5.) The Court reviewed these facts with Defendant at the hearing, and Defendant expressed his understanding of them. (Apr. 15, 2014, Hr'g Tr. at 7-10.) The nature of Mr. Olupo's prior representation of A.L. does not relate to the charges against Defendant in the Indictment. Thus, the Court is persuaded that Mr. Olupo does not have privileged or confidential information from his prior representation of A.L. that might affect his advocacy on Defendant's behalf in this case.

The Court is also persuaded that Mr. Olupo will not make trial decisions that avoid prejudice to A.L. based on any pecuniary interest in him. Defendant represents that he does not have any pecuniary interest in potential business with A.L. in the future, and the Government agrees. (Def.'s Resp. to Mot. for Inquiry, Re: Conflict of Interest at 3 [Doc. No. 33]; Apr. 15, 2014, Hr'g Tr. at 6.) Additionally, the Court ensured that Defendant understood that Mr. Olupo has no ongoing financial benefit from A.L. (Apr. 15, 2014, Hr'g Tr. at 9.)

For these reasons, the Court concludes that no apparent conflict of interest exists based on Mr. Olupo's prior representation of A.L in two separate, unrelated matters. Nonetheless, out of an abundance of caution, the Court obtained from Defendant a knowing, voluntary, and intelligent waiver of a conflict of interest, should it arise in the future. See Holloway v. Arkansas, 435 U.S. 475, 483 n.5 (1978) (noting that a defendant may waive his right to the help of an attorney unhindered by a conflict of interest). After confirming that Defendant understood the nature of Mr. Olupo's prior representation of A.L., his lack of any pecuniary interest in A.L., and Mr. Olupo's representation that he

did not have divided loyalties between Defendant and A.L., the Court and Defendant had the following exchange:

> THE COURT: Tell me if you have any concerns now about Mr. Olupo's ongoing representation of you.
>
> DEFENDANT: I don't have any concern, ma'am.
>
> THE COURT: Any concerns at all? This is your chance to tell—
>
> DEFENDANT: No concerns.
>
> THE COURT: Okay.
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: You believe based on your discussions with Mr. Olupo and what you've heard in court today that nothing about his previous representation of A.L. will preclude him from zealously representing you in these charges brought by the Government. Is that—
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay. Should there be some unforeseen conflict in the future by virtue of this representation, are you willing to waive that at this time?
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: All right.

(Apr. 15, 2014, Hr'g Tr. at 10-11.) The Government found the verbal waiver to be sufficient, but noted the prudence of securing a written waiver. (Id. at 11.) Mr. Olupo agreed that Defendant would execute a written waiver as to any potential conflict of interest arising from Mr. Olupo's prior representation of A.L. (Id. at 11-12.) Given these facts, the Court finds that Defendant made a knowing, voluntary, and intelligent waiver.

**IV.	ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Inquiry Regarding Conflict of Interest [Doc. No. 29] is **GRANTED**.  After inquiry, the Court finds that there is no apparent conflict of interest between Mr. Olupo's current representation of Defendant and his prior representation of a potential Government witness in this case.

2. Defendant will file a written waiver as to any potential conflict of interest arising from Mr. Olupo's prior representation of A.L. within thirty (30) days of the date of this Order.


Dated:	April 18, 2014	s/ Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Court Judge