**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 13-250 (SRN/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Sheriff Olaleran Mohammed, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant U.S. Attorney, U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415, for United States of America.

Jephtah Olupo, Elder Jones Building, 1120 East 80th St., Suite 107, Bloomington, MN 55415, for Defendant.

This matter is before the Court on Defendant's Motion For a New Trial [Doc. No. 61]. For the reasons stated below, this Court denies the motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was indicted on one count of smuggling goods from the United States in violation of 18 U.S.C. § 554(a), and seventeen counts of making a false statement in the course of purchasing a firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2).  Each time he purchased the firearms in question, Defendant executed a form, required by law, that included a prominently stated "WARNING" directing the purchaser to read the notice, also included on the form, that "[t]he State or Commerce Departments may require you to obtain a license prior to export."  By executing this form for each purchase, Defendant acknowledged that he had read the notice.  At Defendant's trial, this Court gave the following "deliberate ignorance" (or "willful blindness") instruction to the jury:

> The element of knowledge may be inferred if the defendant deliberately closed his eyes to learning whether the exportation of firearms from the United States was contrary to any law or regulation of the United States. You may not find the defendant acted knowingly if you find he was merely negligent, careless, or mistaken as to whether the exportation of firearms from the United States was contrary to any [such] law or regulation.

(Doc. No. 58, at 7.)  Defendant was convicted on all eighteen counts.

Defendant now moves for a new trial, arguing that (1) the Court erred in instructing the jury on deliberate ignorance, and (2) the verdict is contrary to the weight of the evidence.

## II.   DISCUSSION

### A.   New Trial Standard

Under Criminal Rule 33, this Court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  With respect to the provision of jury instructions, this Court possesses broad discretion.  United States v. Galimah, ___ F.3d ___, 2014 WL 3361164, *1 (July 10, 2014).  The question is whether the "instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented" in the case.  Id.

With respect to the sufficiency of the evidence to support a criminal conviction, the decision to grant a new trial is within this Court's broad, but not unlimited, discretion.  United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (explaining that while court's discretion on new trial motion is broader than that permissible in granting motion for acquittal under Rule 29, court must still "exercise the Rule 33 authority 'sparingly and with caution'").  The jury's verdict must be allowed to stand unless this Court

"determines that a miscarriage of justice will occur." Id.  A judgment of conviction will be reversed "'only if no reasonable jury could have found the defendant guilty.'" United States v. Listman, 636 F.3d 425, 429 (8th Cir. 2011) (internal citation omitted).  The Court "must sustain a conviction when the evidence, viewed most favorably to the government, substantially supports the verdict." Id.

    **B.**    **Deliberate Ignorance Instruction**

Defendant renews his objection, originally stated at trial, to the Court's provision of the deliberate ignorance instruction, arguing that it improperly permitted the jury to make an inference as to Defendant's factual knowledge as to the events that constitute the offense alleged, where the issue for the jury was whether Defendant knew that his conduct was contrary to law.  (Doc. No. 61, at 2-3.)  And where, as here, knowledge of the law is an essential element of the offense, Defendant contends a deliberate ignorance instruction "improperly conflates knowledge of facts that demonstrates criminal activity and knowledge of the law that applies to certain activity." (Id. at 3.)  Relying on the examples provided in the Eighth Circuit Model Jury Instructions, which involved application of the deliberate ignorance doctrine to a defendant's knowledge of particular facts, rather than to knowledge of the law, Defendant argues that the instruction should not be given where the accused, to be found guilty, must possess the knowledge that the conduct at issue is contrary to law.  (Id. at 3-4.)[1]

---

    [1]    Defendant also argues that prejudice resulted from instructing the jury on deliberate ignorance, that is, that the instruction misinformed the jury that Defendant could be held liable under a negligence standard–for not having learned what he simply
(continued...)

3

But as the court explained in Galimah, the Eighth Circuit, while not having (up to the date of that decision) approved of a deliberate ignorance instruction in cases involving Section 554, already had approved of such an instruction in cases involving other crimes, such as tax evasion, that have a similar *mens rea* requirement, that is, that the defendant had actual knowledge that the law prohibits the conduct in question.  2014 WL 3361164, at *3 ("In order to be convicted of tax evasion, a defendant must have knowledge of the tax law that he is violating.").  And in Galimah–in which the defendant argued that the court "should distinguish between cases in which knowledge of a fact is required and cases in which knowledge of the law is required"–the court expressly extended its approval of a deliberate ignorance instruction to where the ignorance of the law at issue is precisely that at issue here:  ignorance that federal law prohibits one from "fraudulently or knowingly" exporting an item "contrary to any law or regulation" of the United States.  2014 WL 3361164, at *1 & n.2 (addressing propriety of instruction with respect to Section 554).

Defendant attempts to distinguish Galimah on the basis that here there was no evidence comparable to the evidence in Galimah that the defendant there concealed the weapons while transporting them.  (Doc. No. 61 at 4-5.)  But the Eighth Circuit did not rule that Section 554 requires evidence of concealment *per se*, only that there is

---

[1](...continued)
"should have known."  (Id. at 5.)  But the instruction expressly provided that the jury "may not find the defendant acted knowingly if you find he was merely negligent, careless, or mistaken as to whether the exportation of firearms from the United States was contrary" to law.  (Doc. No. 58 (Final Jury Instructions), at 7.)

4

"sufficient evidence to support the inference that the [defendant] was in fact aware of the law he was violating." 2014 WL 3361164, at *4.  And here, the firearms at issue were in fact contained inside of a vehicle that Defendant had shipped to Nigeria.  Although arguably not concealed in as elaborate a fashion as the concealment at issue in Galimah, a reasonable jury could find that Defendant's manner of shipping the firearms, particularly when viewed in conjunction with the warnings he acknowledged when purchasing the firearms, supported the inference that he knew he was violating the law.

In sum, because the Court remains convinced of the propriety of the deliberate ignorance instruction, no new trial is warranted.  And because the instruction distinguished the requisite actual knowledge element from a mere negligent failure-to-know standard, Defendant suffered no prejudice from the jury being so instructed.

### C.   Sufficiency of the Evidence

Finally, Defendant argues that the United States introduced no evidence of sale of the firearms by Defendant or that he purchased the firearms as a straw-man to support a conviction for making a false statement in the purchase of firearms.  (Doc. No. 61, at 5-6.)  But as the Government notes, there was evidence that Defendant exports U.S. goods to Nigeria for profit, that federal agents were unable to locate the firearms at Defendant's residence in Nigeria where he told them the firearms were kept, and that Defendant then told an investigator that he had disposed of them in a lagoon.  (Doc. No. 62, at 8-9.)  Such evidence is sufficient to support a verdict that Defendant exported the firearms knowing he was not the actual buyer despite having made a written statement to the contrary.

## III. CONCLUSION

Because the deliberate ignorance instruction was proper and the verdict is adequately supported by the evidence, this Court denies the motion for a new trial.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion For A New Trial (Doc. No. 61) is **DENIED**.

Dated:  August 11, 2014                                          s/Susan Richard Nelson
                                                                                                 SUSAN RICHARD NELSON
                                                                                                 United States District Judge